UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PAUL DAVIS AND<br>SARAH DAVIS,<br><br>    PLAINTIFFS<br><br>v.<br><br>TRAVELERS PROPERTY<br>CASUALTY COMPANY OF<br>AMERICA,<br><br>    DEFENDANT | CIVIL NO. 09-545-P-H |

## DECISION AND ORDER ON CROSS-MOTIONS
## FOR SUMMARY JUDGMENT

The cross-motions for summary judgment in this case raise the question of which state's uninsured motorist coverage endorsement applies to a multinational company's vehicle that was garaged in Maine but suffered a collision in New Hampshire.[1]

Travelers Insurance Company ("Travelers") issued a commercial automobile policy to Oce USA Holding, Inc. Pl.'s Statement of Material Facts ("SMF") ¶ 9 (Docket Item 14); Def.'s Resp. to Pl.'s SMF ¶ 9 (Docket Item 21). Oce's employee Paul Davis lived in Maine and garaged his company vehicle there, but was driving in New Hampshire en route to the New Hampshire office, as he frequently did, when the collision occurred. Pl.'s SMF ¶¶ 1-2, 8, 10-12;

---
[1] Like the parties, I do not decide choice-of-law issues. The outcome is the same regardless of whose law I apply.

Def.'s Resp. ¶¶ 1-2, 8, 10-12. He was seriously injured, and the other vehicle carried only $100,000 in coverage. Pl.'s SMF ¶¶ 13, 20; Def.'s Resp. ¶¶ 13, 20.[2] He has sued Travelers, relying upon the uninsured/underinsured motorists coverage of the Oce policy. Compl. ¶¶ 29-30 (Docket Item 1).

The Travelers policy has multiple endorsements, among them a Maine Uninsured Motorists Coverage endorsement and a New Hampshire Uninsured Motorists Coverage endorsement. Pl.'s SMF ¶¶ 27, 33; Def.'s Resp. ¶¶ 27, 33.[3] Each of them in turn refers to endorsement "CA T0 30" for the insurance limits. Pl.'s SMF ¶¶ 30-31, 34; Def.'s Resp. ¶¶ 30-31, 34. The Business Auto Coverage Part Declarations of the master policy also refers the reader to that same endorsement. Travelers Policy at 13 (Ex. A to Pl.'s SMF) (Docket Item 14-2).

Schedule CA TO 30 has an Item Two, "Coverage and Limits of Insurance Uninsured Motorists Coverage and Underinsured Motorists Coverage." Id. at 30. Its opening language states: "The LIMIT OF INSURANCE for the coverages below is the LIMIT OF INSURANCE shown for the State where a covered 'auto' is principally garaged. Refer to the specific coverage endorsement for description of the coverage provided for each State listed below." Id.[4] Schedule

---

[2] The defendant objects that the plaintiff's statement that he was severely injured, Pl.'s SMF ¶ 13 (Docket Item 14), is not material, Def.'s Resp. to Pl.'s SMF ¶ 13 (Docket Item 21), but does not deny the fact. I treat such objections as admissions unless otherwise noted.

[3] The defendant does not deny that the insurance policy contains a "Maine Endorsement."

[4] Davis says that the limiting language does not appear on CA TO 30. Pl.'s Objection & Mem. in Opp'n to Def.'s Mot. for Summ. J. at 4, 6 (Docket Item 22). In fact, there is no document that bears only those numbers and letters. Instead, there is a page listed as CA TO 30 11 06, and then three pages following it listed as CA TO 30 SCHED. Clearly collectively they are CA TO 30. (If they were not, Davis would not have the basis for his $5 million coverage argument.)

CA TO 30 provides a $100,000 limit for Maine coverage and a $5 million dollar limit for New Hampshire coverage.[5]  Id. at 31.  There is no ambiguity.

Since the Oce vehicle that Davis was driving was principally garaged in Maine, the lower Maine limit applies.[6]  The defendant's Motion for Summary Judgment is **GRANTED**, and the plaintiffs' Motion for Summary Judgment is **DENIED**.

**SO ORDERED.**

**DATED THIS 28TH DAY OF JULY, 2010**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[5] Davis argues that this "does not limit coverage for an insured auto when the auto is outside the state where it is garaged."  Pl.'s Reply Mem. to Def.'s Opp'n to Pl.'s Mot. for Summ. J. at 4 (Docket Item 25).  I conclude that is exactly what it does.

[6] This is consistent with how state insurance laws work.  Thus, the New Hampshire uninsured motorist statute applies to policies issued "with respect to a vehicle or principally garaged in this state."  N.H.R.S.A. § 264:15(I) (2010); see also 24-A M.R.S.A. § 2902 (2009) (providing for uninsured vehicle coverage in policies issued "with respect to any [ ] vehicle registered or principally garaged in this State").